## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 31 2020, 9:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Valerie K. Boots
Christopher Taylor-Price
Marion County Public Defender Agency
– Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samuel J. Dayton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Robert Rogers,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 31, 2020

Court of Appeals Case No.
20A-CR-702

Appeal from the Marion Superior Court

The Honorable David Hooper, Magistrate

Trial Court Cause No.
49G12-1810-CM-34608

**Mathias, Judge.**

[1]     Following a jury trial in Marion Superior Court, Robert Rogers ("Rogers") was convicted of Class A misdemeanor battery resulting in bodily injury and was

sentenced to 365 days, with all but two days suspended to probation. The trial court's sentencing order also required Rogers to pay an "Adult Probation Administrative Fee" of $290. Rogers appeals and argues that the $290 fee exceeds the statutory maximum of $50. The State claims that the $290 fee is simply mislabeled. We agree and remand for correction of the trial court's order.

## Facts and Procedural History

On October 8, 2018, Nicholas Dandurand ("Nicholas") was driving his car in Indianapolis when it was clipped by a Budget Rental box truck. The truck pulled into a nearby Budget Rental lot and its driver[1] got out of the truck. Nicholas and his wife Sara ("Sara"), who had been following Nicholas in her car, both pulled into the lot to inform the driver that he had hit Nicholas's car. The driver indicated that he did not have insurance, so Nicholas called the police while Sara went into the rental office.

Inside the rental office, Sara encountered Rogers, the branch manager. Rogers curtly informed her that the office was closed. Sara told Rogers that a Budget Rental truck had collided with her husband's car. Rogers went outside and told Nicholas to get off the property. But Nicholas remained on the phone with the police, angering Rogers, who began to yell. Nicholas told Rogers that he was on

---

[1] The State's brief indicates that Rogers was the driver of the truck. The transcript does not support this assertion. Instead, the driver was an unknown male who left the scene in another car immediately before Nicholas's confrontation with Rogers. *See* Tr. pp. 46, 60–61.

the phone and Rogers "came at" him. Tr. p. 45. Rogers shoved and pushed Nicholas, including shoving him in the back when Nicholas turned away. And when Nicholas tried to get back into his car, Rogers, with his fists balled up and cursing, blocked his way. Concerned that the conflict would escalate further, Nicholas told Sara to leave.[2] Rogers chased after Nicholas. He briefly went back inside the office but was back outside when the police arrived.

[4] Indianapolis Metropolitan Police Department Officer Jerome Harrison ("Officer Harrison") arrived on the scene, where he saw Rogers in Nicholas's face, yelling at him. Rogers was "very aggressive" and would not listen to Officer Harrison. Tr. p. 69. In contrast, Nicholas and Sara were relaxed. Officer Harrison spoke with the Dandurands while another officer spoke with Rogers. As a result of Rogers's assault, Nicholas had scratches on his back and shoulders.

[5] On October 9, 2018, the State charged Rogers with Class A misdemeanor battery resulting in bodily injury. A jury trial was held on January 30, 2020, at the conclusion of which the jury found Rogers guilty as charged. The trial court sentenced Rogers on February 26, 2020, and ordered him to serve one year, with two days executed, and the remainder suspended to probation. The trial

---

[2] Sara left the immediate area but returned when the police arrived.

court ordered Rogers to complete a twelve-week anger-management program. In addition, the trial court imposed costs and fees as follows:

| Court Costs and Fees | |
| --- | ---: |
| *Adult Probation Administrative Fee - CR* | *$290.00* |
| *Adult Probation Monthly and Initial User Fees - CR* | *$48.50* |
| Automated Record Keeping Fee - CR | $20.00 |
| Court Administration Fee - CR | $5.00 |
| Court Costs - City and Town - CR | $3.60 |
| Court Costs - County - CR | $32.40 |
| Court Costs - State - CR | $84.00 |
| Criminal Court Fines | $250.00 |
| DNA Sample Processing Fee - CR | $3.00 |
| Document Storage Fee - CR | $5.00 |
| Indianapolis Metropolitan Police | $4.00 |
| Judicial Insurance Adjustment Fee - CR | $1.00 |
| Judicial Salary Fee - CR | $20.00 |
| Jury Fee - CR | $2.00 |
| Probation User Fee - Clerk's 3% - CR | $1.50 |
| Public Defense Administration Fee - CR | $5.00 |
| Supplemental Public Defender Fee - CR | $50.00 |
| Total: | $825.00 |

Appellant's App. p. 17 (emphasis added). Rogers now appeals.

## Discussion and Decision

[6] Rogers argues that the trial court erred by imposing an "Adult Probation Administrative Fee" of $290. Rogers claims that this fee is in excess of the statutory maximum of $50. Rogers correctly notes that the probation fee statute provides:

> In addition to any other conditions of probation, the court may order each person convicted of a misdemeanor to pay:

(1) not more than a fifty dollar ($50) initial probation user's fee;

(2) a monthly probation user's fee of not less than ten dollars ($10) nor more than twenty dollars ($20) for each month that the person remains on probation;

(3) the costs of the laboratory test or series of tests to detect and confirm the presence of the human immunodeficiency virus (HIV) antigen or antibodies to the human immunodeficiency virus (HIV) if such tests are required by the court under section 2.3 of this chapter; and

(4) *an administrative fee of fifty dollars ($50);*

to either the probation department or the clerk.

Ind. Code § 35-38-2-1(e) (emphasis added). Thus, at first glance, it appears that the trial court's imposition of an administrative fee of $290 was improper because it exceeds the statutory maximum of $50.

[7] The State argues that the trial court's fee order is simply mislabeled, and that the total fees imposed are within the maximum amounts authorized by statute. Specifically, the State notes that, pursuant to the probation fee statute, the trial court could require Rogers to pay three fees which together could not exceed $340: $50 for the initial probation fee, $50 for the probation administrative fee, and $240 for twelve monthly probation fees of $20 each. Here, the trial court ordered Rogers to pay a total of $338.50 for these three fees, which does not exceed the statutory maximum of $340.

[8]     Looking at the trial court's order, it is evident that the court mistakenly switched the probation administrative fee with that of the initial and monthly probation fees. That is, the trial court's order erroneously lists the administrative fee as $290 and lists the monthly and initial probation fees as $48.50. These figures should be switched to reflect that the administrative fee is $48.50 and the monthly and initial probation fees are $290.

[9]     This is apparent from the amounts involved: the monthly and initial fees cannot exceed $290, precisely the amount erroneously listed for the administrative fee. And the $48.50 the trial court erroneously listed for the monthly and initial user fees is substantially below even the statutory minimums,[3] but just shy of the $50 statutory maximum.

[10]    And when the two dollar amounts are switched, the trial court's order is perfectly in line with the statutory maximums: the probation administrative fee would be $48.50 (within the statutory maximum of $50); and the monthly probation and initial user fees would be $290 (which represents the $50 initial fee plus twelve months of the $20 maximum monthly probation user fee).

---

[3] Although the probation fee statute provides that the trial court "may" order a probationer to pay certain fees, if the trial court chooses to impose the monthly probation fee, this fee must be "not less than ten dollars ($10) nor more than twenty dollars ($20) for each month that the person remains on probation." I.C. § 35-38-2-1(e)(2).

We therefore remand with instructions that the trial court correct its fee order such that the "Adult Probation Administrative Fee" is $48.50 and the "Adult Probation Monthly and Initial User Fees" are $290.

Remanded.

Bradford, C.J., and Najam, J., concur.